Taft, J.,
 

 concurring. A reading of Section 11495, Genera] Code, clearly discloses that, if defendant defends as assignee of Mrs. Smith, a deceased person, then plaintiff, being a party, “shall not testify.” To let plaintiff testify in that situation in the presence of the jury on any issue not within the exceptions enumerated, would be to disregard the plain language of the Genera] Assembly. The court should not disregard that language just because it disagrees with the law as prescribed by the Genera] Assembly.
 

 In plaintiff’s action against defendant to recover these bonds, he must allege and prove his right to possession. If he does he is entitled to judgment. If he fails to prove that right he cannot secure a judgment. The only proper issue raised by the pleadings in this case is whether plaintiff has the right to possession.
 
 Williams
 
 v.
 
 West, 2
 
 Ohio St., 82.
 

 Defendant can deny plaintiff’s right to possession. If she goes beyond a general denial and alleges that the right to possession is in someone else or even in herself, such allegations may be treated as the equivalent of a denial of the plaintiff’s right to possession. However, except to that extent, such allegations of
 
 *211
 
 title or a right to possession in herself or in someone else are immaterial.
 
 Williams
 
 v.
 
 West, supra.
 

 To be sure, defendant has alleged in her answer that ownership of the bonds was assigned by Mrs. Smith to her. That allegation in her answer is an immaterial allegation. Evenif she further alleged that Mrs. Smith had title and Mrs. Smith is deceased, defendant does not bring Section 11495 into operation. The fact, if she can establish it, that plaintiff gave or sold the bonds to Mrs. Smith would be relevant on the issue raised by defendant’s general denial of the facts alleged in plaintiff’s petition, — that is the issue as to whether plaintiff had the right to possession of the bonds. However, the further fact that Mrs. Smith assigned the bonds to defendant would, at most, be only evidence tending to prove that Mrs. Smith claimed ownership of the bonds. It would certainly not be an ultimate fact to be decided by the trier of the facts in disposing of plaintiff’s action.
 

 It is fundamental that a court will disregard immaterial allegations of an answer and treat them as though they had been stricken from the pleading, except to the extent that they may operate by necessary implication as denials of material allegations in the petition or to the extent that they may, by necessary implication, be regarded as the equivalent of allegations of material facts.
 
 Simmons
 
 v.
 
 Green, 35
 
 Ohio St., 104;
 
 List & Son Co.
 
 v.
 
 Chase,
 
 80 Ohio St., 42, 88 N. E., 120.
 

 The allegation by defendant in her answer that she was assignee of a deceased person is an immaterial allegation. If it is disregarded as it should be, it is clear that defendant does not claim or defqnd as assignee of anyone. In this action she claims nothing. Her defense is, and on these pleadings can only be, that plaintiff does not have a right to possession of the bonds.
 

 
 *212
 
 Therefore, Section 11495, General Code, cannot affect plaintiff’s right to testify.
 

 The judgment of the Court of Appeals should be affirmed and the case remanded to the Common Pleas Court for a new trial.